```
               UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF FLORIDA
                    FORT MYERS DIVISION
```

UNITED STATES OF AMERICA

VS.                                      CASE NO: 2:11-cr-97-JES-NPM

ERIC BONITA
_____

**ORDER**

This matter comes before the Court on defendant's Motion for Modification of Sentence Pursuant to 18 U.S.C. 3582(c) (Doc. #814) filed on August 8, 2022.  The government filed a Response (Doc. #816) on August 18, 2022.  For the reasons set forth below, the motion is denied.

Defendant argues that his drug convictions are no longer valid for Section 851 enhancement purposes because he did not serve more than 12 months for the prior drug convictions that enhanced his sentence, citing United States v. Jackson, 36 F.4th 1294 (11th Cir. 2022) and Concepcion v. United States, 142 S. Ct. 2389 (2022). Defendant's reliance on these cases is misplaced.

The Court previously denied defendant relief under the First Step Act because "the portion of the First Step Act addressing convictions which may be used pursuant to 21 U.S.C. § 851 does not apply retroactively to him."  (Doc. #809, p. 3.)  See also United States v. Hyppolite, No. 2:11-CR-97-FTM-29NPM, 2020 WL 6817539, at

*2 (M.D. Fla. Nov. 20, 2020). The two new cases relied upon by Defendant do not affect this order.

In Jackson, the Eleventh Circuit reviewed whether a state conviction qualified as a predicate 'serious drug offense' under 18 U.S.C. § 924(e)(2)(ii) for Armed Career Criminal Act purposes. In Jackson, the prior Florida conviction was pursuant to a divisible statute that included ioflupane within the category of cocaine. Thus, the offense did not qualify because the "cocaine-related" offense was no longer included as a Schedule II controlled substance under federal law (Florida followed suit) and at the time defendant possessed a firearm for his federal conviction under 18 U.S.C. § 924. United States v. Jackson, 36 F.4th 1294, 1304 (11th Cir. 2022). Defendant Bonita's case did not involve the ACCA or a firearm conviction, and Jackson does not provide a basis for a reduction in sentence.

In Concepcion, the Supreme Court stated that district courts may consider intervening changes of law in fact in exercising their discretion to reduce a sentence under the First Step Act. However,

> The only two limitations on district courts' discretion appear in § 404(c): A district court may not consider a First Step Act motion if the movant's sentence was already reduced under the Fair Sentencing Act or if the court considered and rejected a motion under the First Step Act.

Concepcion v. United States, 142 S. Ct. 2389, 2401-02 (2022). In this case, and as noted by the government, both limitations apply.

Defendant has been found ineligible for relief under the First Step Act because his original sentence was imposed in accordance with the Fair Sentencing Act of 2010. (Doc. #790.) The Court also has twice previously denied relief under the First Step Act. See Doc. #805 (deeming motion withdrawn after Probation issued a memorandum noting defendant's ineligibility for relief under the First Step Act); Doc. #809 (noting that the portion of the First Step Act addressing convictions which may be used pursuant to 21 U.S.C. § 851 does not apply retroactively).

Accordingly, it is hereby

**ORDERED:**

Defendant's Motion for Modification of Sentence Pursuant to 18 U.S.C. 3582(c) (Doc. #814) is **DENIED**.

**DONE and ORDERED** at Fort Myers, Florida, this ___25th___ day of August 2022.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of Record